IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALEXANDRE DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>DION WILSON,<br><br>Defendant. | CV 23-37-GF-BMM-JTJ<br><br><br>ORDER |

Plaintiff Alexandre Davis has filed a Complaint alleging conversion against his former landlord. (Doc. 1.) Davis attempted to file "grand theft" charges against Wilson with the police, but acknowledges that he intends to file a civil action in this Court. The Court has relabeled his theft claim as conversion. The Complaint will be dismissed for lack of subject matter jurisdiction.

**I. STATEMENT OF THE CASE**

**A.    Parties and Allegations**

Davis is a federal pretrial detainee. He is proceeding in forma pauperis and without counsel. Davis alleges that his former landlord, Dion Wilson, has kept rent to which he is not entitled and Davis's possessions, which were left at Wilson's rental property when Davis was arrested on his current charges, in March, 2022. (Doc. 1 at 1.)

**II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

1

Davis is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis by a prisoner if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court concludes the Complaint must be dismissed.

Federal courts are courts of limited jurisdiction, and "the presumption is that (we are) without jurisdiction unless the contrary affirmatively appears." *People of State of Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Van v. LLR, Inc.*, 61 F.4th 1053, 1064–65 (9th Cir. 2023) (citation omitted.) The Court has an independent obligation to assess its own jurisdiction. *Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017).

The parties in this case are non-diverse (both residents of Montana), and the amount in controversy does not exceed $75,000. Davis's only path into this Court is federal question jurisdiction. 28 U.S.C. §§ 1331 and 1332. Under 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[A] case can 'arise under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (alteration

omitted). First and "[m]ost directly, a case arises under federal law when federal law creates the cause of action asserted." *Id., citing Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Davis has not cited, and the Court cannot provide, a federal law that would support Davis's conversion claim.

Alternatively, under the substantial federal question branch, "even where a claim finds its origins in state rather than federal law, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Negrete v. City of Oakland*, 46 F.4th 811, 816–17 (9th Cir. 2022). Jurisdiction is proper "[w]here all four of these requirements are met," because in such a case, "there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Id.,* at 818. The Court can conceive of no manner in which a conversion claim related to a rent and property dispute between two private parties could pose such a federal question.

## III. CONCLUSION

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court

cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'"). The Court must construe a pro se litigant's complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), but may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F. 3d 1204, 1208 (9th Cir. 2017). The Court has screened Davis's Complaint and determined that the Court is without jurisdiction to hear it; Davis could not amend it to create jurisdiction. The Complaint will be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1.    Davis's Complaint is DISMISSED. The Clerk of Court is directed to enter judgment in this matter according to Fed. R. Civ. P. 58.

2.    The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 22nd day of August, 2023.

_____
Brian Morris, Chief District Judge
United State District Court